Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JEAN C. BORIA FERNÁNDEZ, BERQUIS FERNÁNDEZ HERNÁNDEZ<br><br>Peticionario<br><br>v.<br><br>YARELIS SEIJO MORALES<br><br>Recurrida | KLCE202400169 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: CAL140-2023-3011<br><br>Sobre: Ley 140 |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

El Tribunal de Primera Instancia ("TPI") ordenó el "archivo" de un caso por no haber "controversia adjudicable" bajo la ley sobre controversias y estados provisionales de derecho (Ley 140, *infra*). Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues el asunto presentado ante su consideración (el promovente interesa recuperar la posesión de una mascota) no es el tipo de controversia que puede atenderse bajo dicho estatuto.

I.

El Sr. Jean C. Boria Fernández (el "Querellante"), por derecho propio, presentó el recurso de referencia el 9 de febrero de 2024. Indica que le sometió al TPI una solicitud, bajo la Ley Núm. 140 del 23 de julio de 1974, según enmendada, conocida como la *Ley Sobre Controversias y Estados Provisionales de Derecho,* 32 LPRA sec. 2871 *et seq.* (la "Ley140"). Expone que le solicitó al TPI que le ordenase a la Sa. Yarelys Seijó Morales (la "Querellada") devolverle su mascota (una gata llamada *Bandi*). Plantea que "todos los

abogados me dicen" que la Ley 140 "sí es la forma correcta" de pedir la devolución de la mascota.

Con el recurso, se acompañó el dictamen del TPI, notificado el 11 de enero de 2024 (la "Resolución"), mediante el cual el TPI, en efecto, determinó que "no existe controversia adjudicable a tenor con la Ley 140". Disponemos[1].

## II.

El propósito de la Ley 140 es "establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación provisional de controversias por los Jueces Municipales y los Jueces de Distrito". Exposición de Motivos de la Ley 140, *supra.* Dicho estatuto provee un mecanismo sencillo para que todo ciudadano pueda "dirimir rápida y eficientemente" cierto tipo de controversias típicas del "diario vivir". Exposición de Motivos de la Ley Núm. 140, *supra.*

El Artículo 2 de la Ley 140, 32 LPRA sec. 2872, dispone qué tipo de asuntos se podrán atender bajo dicho estatuto:

> Mediante la presente los magistrados quedan facultados a intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada, según el trámite dispuesto en esta ley. Esta facultad comprende y abarca lo siguiente:
>
> A.` Controversias sobre colindancias y derecho de paso y controversias entre vecinos que afecten la convivencia y el orden social.
>
> B. Controversias en casos de custodia de menores. — En estos casos se podrán fijar provisionalmente pensiones alimenticias de acuerdo con las necesidades del menor y de conformidad con los preceptos de ley que regulan esta materia.
>
> C. Medidas provisionales en casos de separación de cónyuges válidamente casados o personas en concubinato respecto a la posesión y uso de estructura destinada a fines residenciales, y aquellos bienes muebles enumerados y comprendidos en los incisos (1),

---

[1] La Ley 140 dispone que es inapelable la determinación en los méritos del TPI al adjudicarse una controversia bajo dicho estatuto. 32 LPRA sec. 2875 ("Una orden resolviendo una controversia y fijando un estado provisional de derecho, según esta ley, será inapelable ..."). En esta ocasión, sin embargo, se solicita la revisión de la determinación del TPI de no resolver la controversia que se presentó ante su consideración, ello al razonar que la controversia no era "adjudicable". Esta determinación, al no constituir la resolución de una controversia bajo la Ley 140, sí es revisable por este Tribunal a través de una petición de *certiorari.*

(2), (3), (4), (4)(a), (5) y (6) del Artículo 249 del Código de Enjuiciamiento Civil, según enmendado, que establece las propiedades exentas de ejecución.

D. Controversias entre arrendadores y arrendatarios respecto a mejoras urgentes en propiedades destinadas para fines residenciales.

E. Controversias entre el dueño de obra y contratista, maestro o persona encargada, respecto a las condiciones, desarrollo y compensación de la obra que no excedan de tres mil dólares ($3,000).

F. Controversias entre el propietario de un vehículo de motor con mecánico, hojalatero y pintor respecto a la retención del vehículo, condiciones y compensación por trabajo.

G. Controversias en cuanto a la garantía y reparación de objetos muebles entre comprador y vendedor que no excedan de tres mil dólares ($3,000).

H. Toda reclamación de tipo salarial de un obrero contra su patrono que no exceda la cuantía de tres mil dólares ($3,000) o que surja de actuaciones u omisiones del patrono en violación de la legislación laboral que exijan remedios reparativos de carácter no monetario, tales como el cumplimiento estricto de determinada obligación o la cesación de determinada práctica.

I. Controversias en casos de crianzas de animales en distritos residenciales.

J. Controversias en las cuales se alegue la existencia de perturbaciones que fueren perjudiciales a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo el Artículo 277 del Código de Enjuiciamiento Civil, según enmendado, conocido como Ley sobre Perturbación o Estorbo.

K. Controversias en las cuales se alegue que el padre, madre o tutor de un menor o incapacitado no cumple con el deber de velar por el bienestar del menor o del incapacitado o por su comportamiento en la comunidad.

L. Controversias sobre la custodia de los bienes muebles del caudal hereditario de conformidad con los preceptos de ley que regulan la materia.

M. Controversias en las cuales se alegue maltrato físico o emocional de personas contra sus padres, tutores, encargados o con quienes residan o de los cuales dependan. En estos casos el Tribunal podrá ordenar medidas provisionales para proteger a los padres, tutores o encargados o con quienes residan o de los cuales dependan de la persona maltratante. Sin embargo y acorde a lo establecido por la Ley de la Judicatura de 1994, cuando en los procedimientos se

involucre a un menor de edad, será el Tribunal superior el tribunal con competencia para atender el asunto, quien además, nombrará un Defensor Judicial que supla la capacidad jurídica del menor.

N. [Derogado]

O. Controversias entre profesionales de la salud u hospitales con sus pacientes, o entre parte con interés legítimo, respecto a la entrega de expedientes o récords del paciente.

### III.

Surge claramente del texto de la Ley 140 que la controversia presentada por el Querellante, sobre si procede o no que se le devuelva una mascota, no encaja dentro del tipo de controversia que puede atenderse bajo la Ley 140. De hecho, el Querellante ni siquiera intentó explicar bajo qué inciso de la Ley 140 podría el TPI haber adjudicado su solicitud.

### IV.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones